```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARC PIERRE HALL,**

                          Plaintiff,

                                               CIVIL ACTION
     vs.                                  No. 02-3214-SAC

**CITY OF CHARLOTTE, NORTH CAROLINA,**
**et al.,**

                          Defendants.

<u>ORDER</u>

By an order dated March 30, 2004, the court granted defendants' motion for summary judgment and dismissed without prejudice all claims remaining in plaintiff's complaint, pursuant to 42 U.S.C. 1997e(a).[1] On February 4, 2005, the Tenth Circuit Court of Appeals issued its mandate affirming that decision. By an order dated May 18, 2005, the court denied plaintiff's motion under Fed.R.Civ.P. 60(b) for relief from judgment. Plaintiff's appeal from that order is currently pending before the Tenth Circuit Court of Appeals.

Before the court is plaintiff's "Motion Requesting Certification Of The Rule 60(b) Second Application As Required To The U.S. Court of Appeals" (Doc. 125). Plaintiff requests certification to the Circuit Court for a stay of his appeal and for a remand of his appeal to the district court, citing <u>Garcia v. Regents of the University of California</u>, 737 F.2d 889 (10th

---

[1]<i>See</i> 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Cir. 1984). If said motion is denied, plaintiff further states this court "is authorized to treat the Rule 60(b) now pending as a second application and determine its merits." Plaintiff also provides a copy of a pleading submitted to the Circuit Court, in which plaintiff seeks an extension of time "to receive the district court's certification of the Rule 60(b) as required under Garcia."

A review of the docket sheet in plaintiff's pending appeal reveals the Circuit Court's order on August 2, 2005, denying plaintiff's motion to stay his appeal to file a second motion for reconsideration on issues not previously presented. That denial was without prejudice to plaintiff renewing his motion for a stay if plaintiff demonstrated the district court is inclined to grant relief on plaintiff's newly presented issues.

The court has obtained a copy of the pleading plaintiff filed in the Circuit Court[2] titled as "Motion For Leave And Stay of Appeal To File For Second Reconsideration On Issues Not Previously Presented." Attached to that pleading is plaintiff's "Second Motion for Reconsideration Pursuant to Rule 60(b)1,2,3,4,6 F.R.CV.P," captioned for filing in the District of Kansas in Case No. 02-3214. Although plaintiff states that copies of both motions were mailed to the district court, this court has no record of receiving an original or copy of either pleading. Under the circumstances, the court directs the clerk's office to docket the copy of plaintiff's "Second Motion for Reconsideration" and attached exhibits in plaintiff's district

---

[2]The pleadings is dated July 27, 2005, and was docketed in plaintiff's appeal on August 1, 2005.

court case, and the court considers this motion.

Plaintiff's case, when transferred to this court, contained only plaintiff's claim for damages against three officers at the United States Penitentiary in Leavenworth, Kansas. The court granted defendants' motion for dismissal of the complaint without prejudice pursuant to 42 U.S.C. 1997e(a), based on plaintiff's failure to fully exhaust administrative remedies as required by retroactive application of 42 U.S.C. 1997e as amended upon enactment of the Prison Litigation Reform Act (PLRA) on April 26, 1996. The Tenth Circuit Court of Appeals affirmed that order and judgment. See Hall v. City of Charlotte, Appeal No. 04-3142 (February 1, 2005).

Plaintiff thereafter filed a motion for relief from judgment, which this court characterized as advancing plaintiff's argument that "the exhaustion requirement in 42 U.S.C. 1997e(a) should not apply while plaintiff did not have access to his legal materials and was unaware of this statutory requirement, and that there was fraud on the court regarding the availability of administrative remedies." (Doc. 115, p.2). Finding no showing of exceptional or extraordinary circumstances warranting relief under any section of Rule 60(b) of the Federal Rules of Civil Procedure, the court denied plaintiff's motion. (Id. at pp.2-3). Plaintiff's appeal from that order is currently pending before the Tenth Circuit Court of Appeals. See Hall v. City of Charlotte, Appeal No. 05-3229.

In the second motion for reconsideration now before this court, plaintiff again cites prison restrictions on his access to legal materials and resources as unavoidably delaying his

3

discovery that the administrative remedy procedures employed by the Bureau of Prisons (BOP) fail to substantially comply with requirements imposed by 42 U.S.C. 1997e prior to amendment by PLRA in 1996.  The court rejects plaintiff's contention that this discovery, even if assumed to be true, entitles plaintiff to any relief under Rule 60(b).

Plaintiff's complaint, originally filed 1998, is fully subject to 42 U.S.C. 1997e as amended by PLRA.  As amended, the statute expressly provides that the failure to adopt or adhere to an administrative grievance procedure is not actionable.  42 U.S.C. 1997e(b).  Although the former versions of 42 U.S.C. 1997e(b) & (c) may have directed the promulgation of minimum standards and provided for certification by the Attorney General, the PLRA amendments no longer make exhaustion of administrative remedies dependent on the effectiveness of the administrative remedy procedures.  *See e.g.,* Spence v. Mendoza, 993 F.Supp. 785, 788 (E.D.Cal. 1998)(following PLRA amendments, any available administrative remedies must be exhausted).

The court finds the evidence and arguments presented in plaintiff's second motion for reconsideration fail to demonstrate that relief from the judgment entered in this matter on March 30, 2004, is warranted.  Accordingly, plaintiff's second motion for reconsideration is denied, and plaintiff's motion for certification of this court's intention to grant such relief is hereby rendered moot.

IT IS THEREFORE ORDERED that plaintiff's second motion for reconsideration is denied, and that plaintiff's motion for certification is denied as moot.

4

**IT IS SO ORDERED.**

DATED:   This 16th day of August 2005 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge

5