```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**MARC PIERRE HALL,**

                                   Plaintiff,

                                                                  CIVIL ACTION
        vs.                                                    No. 02-3214-SAC

**CITY OF CHARLOTTE, NORTH CAROLINA,
et al.,**

                                   Defendants.

<u>ORDER</u>

      By an order dated March 30, 2004, the court granted defendants' motion for summary judgment and dismissed without prejudice all claims remaining in plaintiff's complaint, pursuant to 42 U.S.C. 1997e(a). On February 4, 2005, the Tenth Circuit Court of Appeals issued its mandate affirming that decision. *See* <u>Hall v. City of Charlotte</u>, Appeal No. 04-3142.

      By an order dated May 18, 2005, the court denied plaintiff's motion under Fed.R.Civ.P. 60(b) for relief from judgment. Plaintiff's appeal from that order is currently pending before the Tenth Circuit Court of Appeals. *See* <u>Hall v. City of Charlotte</u>, Appeal No. 05-3229.

      By an order dated August 16, 2005 (Doc. 127), the court denied plaintiff's "Second Motion for Reconsideration Pursuant to Rule 60(b)1,2,3,4,6 F.R.CV.P" (Doc. 126) and plaintiff's "Motion Requesting Certification Of The Rule 60(b) Second Application As Required To The U.S. Court of Appeals" (Doc. 125). Plaintiff filed a notice of appeal (Doc. 130) which generated Appeal No.

05-3345. Plaintiff's request for consolidation of his two pending appeals (Appeals 05-3229 and 05-3345) into a single appeal is a request that should be presented to the Tenth Circuit Court of Appeals rather than this court.[1]

Currently before the court is plaintiff's "Motion for Order pursuant to Rule 41(e) Fed.R.Civ.P. and Affidavit and Notice to file RICO Civil Suit" (Docs. 128 and 129).

The court liberally construes plaintiff's pro se motion for an order "pursuant to Rule 41(e)" of the Federal Rules of Civil Procedure as filed under Rule 41(g)[2] of the Federal Rules of *Criminal* Procedure, and as seeking the return of funds he claims were unlawfully taken from his inmate trust fund account and forwarded to this court for payment on plaintiff's outstanding filing fee obligations. Plaintiff claims that $124.57 was illegally withdrawn without a court order to pay the balance of the filing fee due in Case No. 02-3214, and that this court applied the illegal payment to plaintiff's appeal No. 04-3142. Plaintiff next claims a payment of $15.00 was taken and

---

[1] By an order dated September 9, 2005, the Tenth Circuit Court of Appeals dismissed appeals 05-3229 and 05-3345, pursuant to appellant Hall's motion.

[2] As amended in 2002, Fed.R.Crim.P. Rule 41(g), regarding motion to return property, corresponds to former Rule 41(e). Rule 41(g) now provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" by filing a motion "in the district where the property was seized." These criminal rules do not apply where there is no criminal proceeding connected to the seizure.

erroneously applied to Case 98-3401, a case plaintiff characterizes as having no outstanding fee obligation.

The court finds nothing in plaintiff's allegations to support application of Rule 41(g) in this case. Nor does the court find any basis for plaintiff's claim of error by the court in crediting funds submitted to this court for payment of plaintiff's outstanding filing fee obligations.

Court records reflect payments received from plaintiff's inmate account on May 9, 2005 ($124.57) and August 8, 2005 ($15.00), which were applied to plaintiff's outstanding fee obligations.[3] No separate court order for these withdrawals from plaintiff's inmate account was required. *See* 28 U.S.C. 1915(b)(2)("After payment of the initial partial filing fee, the

---

[3]The following outstanding fee obligations existed prior to payments received by the court on May 9, 2005:

| | |
|---|---|
| $78.00 | remainder owed on $150.00 district court filing fee in <u>Hall v. Tucker</u>, Case No. 97-3098, assessed May 5, 1997 |
| $150.00 | district court filing fee in <u>Hall v. Reno</u>, Case No. 98-3401, assessed February 18, 1999 |
| $150.00 | district court filing fee in <u>Hall v. Reno</u>, Case No. 00-3291, assessed December 27, 2000 |
| $255.00 | appellate filing fee in first appeal (Appeal 04-3142) in <u>Hall v. City of Charlotte</u>, Case No. 02-3214 |
| $255.00 | appellate filing fee in second appeal (Appeal 05-3229) in <u>Hall v. City of Charlotte</u>, Case No. 02-3214 |

Applying the payments received May 9 and August 8 in 2005 to plaintiff's oldest obligations, these payments first satisfied the outstanding $78.00 balance in Case No. 97-3098, and were then applied to the outstanding fee obligation in Case No. 98-3401. As a result, the balance due in Case No. 98-3401 is now $88.43.

prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.").  Accordingly, plaintiff's motion is denied.

IT IS THEREFORE ORDERED that plaintiff's motion for an order (Doc. 128) for the return of funds advanced to this court for application to plaintiff's outstanding fee obligations is denied.

**IT IS SO ORDERED.**

DATED:  This 13th day of September 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge